IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MAYRA BURGOS SALGADO,<br><br>Plaintiff,<br><br>v.<br><br>MUNICIPAL GOVERNMENT OF CIALES, et al,<br><br>Defendants. | Civil No.:10-1425(DRD) |

**OPINION AND ORDER**

**I. PROCEDURAL BACKGROUND**

On February 2, 2011, the Court entered an *Opinion and Order* (Docket No. 55) adopting Magistrate Judge McGiverin's *Report and Recommendation* (Docket No. 50). Therein, the Court dismissed with prejudice Plaintiff's §1983 claims, Article 1802 and Article 1803 claims as time-barred, and dismissed Plaintiff's Title VII claims, §1981 claims, Law 426 claims and claims arising under the Puerto Rico Constitution for failure to state plausibly cognizable claims under Twombly[1] and Iqbal.[2]

Subsequently, on February 4, 2011, Plaintiff filed a *Motion Requesting Leave to File Second Amended Complaint* (Docket No. 56). In that motion, Plaintiff requests leave of the Court to amend her complaint to further support her allegations with facts. Plaintiff

---

[1] Bell Atlantic v. Twombly, 550 U.S. 554, 127 S.Ct. 1955 (2007).

[2] Ashcroft v. Iqbal, – U.S. –, 129 S.Ct. 1937 (2009).

makes this request pursuant to Federal Rule of Civil Procedure 15(a)(2). Defendants opposed Plaintiff's request on February 22, 2011 (Docket No. 65). Defendants argue that Plaintiff is improperly attempting to supplement her sexual harassment claims in order to comply with Twombly and that Plaintiff knew of many of the events for which she requests amendment before filing her *Amended Complaint* (Docket No. 14). Accordingly, Defendants request that the Court deny Plaintiff's request to be allowed to file a second amended complaint.

Additionally, on February 5, 2011, Plaintiff filed a motion for reconsideration of the Court's February 2nd *Opinion and Order* under Rule 59(e). At the outset of this filing, Plaintiff merely outlines another case's dictation of Twombly and Iqbal's plausibility standard, already applied previously by both the Magistrate Judge and the Court. Plaintiff proceeds to cite jurisprudence from the Seventh and Ninth Circuits regarding application of the plausibility standard. Then, Plaintiff broadly states without any legal citation or analysis that her *Amended Complaint* complied with this standard and, further, states that she wishes to further clarify the dismissed claims in the requested second amended complaint. Subsequently, without citing a single case to support her substantive legal arguments, Plaintiff revisits the claims over which dismissal was granted.

## II. MOTION FOR RECONSIDERATION

Motions for reconsideration are generally considered either under Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time when such motion is served. *See* Perez-Perez v. Popular Leasing Rental, Inc., 993 F.3d 281, 284 (1st Cir.1993).

It is further accepted that "[a] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 2-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006). Thus, a motion for reconsideration cannot be used as a vehicle to re-litigate matters already litigated and decided by the Court. *See* Standard Quimica de Venezuela v. Central Hispano Int'l, Inc., 189 F.R.D. 202 n. 4 (D.P.R.1999). These motions are entertained by courts if they seek to correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law. *See* Prescott v. Higgins, 538 F. 3d 32, 45 (1st Cir.2008); *see also* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir. 1994)(citing F.D.I.C. Ins. Co. v. World University, Inc., 978 F.2d 10, 16 (1st Cir.1992). A motion for reconsideration is unavailable if said request simply brings a point of disagreement between the court and the litigant, or reargues matters already properly disposed of by the Court. *See*

*e.g.* Waye v. First Citizen's National Bank, 846 F.Supp. 310, 314 n.3 (M.D.Pa.1994).

In the instant case, Plaintiff does not present the Court with a single case supporting her substantive legal arguments, let alone any legal demonstration that the Court's previous reasoning constituted a manifest error of law.  Nor does Plaintiff cite any intervening change of law.  Rather, and in a manner utterly devoid of legal citation or analysis, Plaintiff merely rehashes previous arguments and presents a stark claim that the Court erred in its previous decision.  Hence, Plaintiff's motion for reconsideration constitutes nothing more than the type of "disagreement between the court and the litigant" for which reconsideration is patently inappropriate.  *See* Waye, 846 F.Supp. at 314 n.3.  Accordingly, Plaintiff's motion for reconsideration (Docket No. 58) is **DENIED**.

### III. AMENDMENT OF COMPLAINT

Rule 15(a) provides in pertinent part:

> (a) Amendments Before Trial
> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or **21 days after service of a motion under Rule 12(b)**, (e), or (f), whichever is earlier.
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or **the court's leave**.  The court should freely give

-4-

leave when justice so requires.

FED.R.CIV.P. 15(a)(emphasis ours). The provision allowing for amendment within 21 days of the service of a motion to dismiss under Rule 12(b) allows a plaintiff to amend its complaint as a matter of course to cure any defect or to delete unviable claims. *See* FED.R.CIV.P. 15 advisory committee's note.

In her motion for reconsideration, Plaintiff asserts that she wishes to amend the complaint once more not only in order to supplement claims which remain following the Court's February 2nd *Opinion and Order*, but also to reassert and supplement claims dismissed in that *Opinion and Order*. As the Court has denied reconsideration at this time, Plaintiff may not reassert such claims. 6 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §1476 (3d ed. 2010). If Plaintiff wished to further supplement the claims which were ultimately dismissed, pursuant to the plain language of Rule 15(a)(1)(B), the time to do so was within twenty one days of the filing of the motion to dismiss. As Plaintiff did not avail herself of this opportunity, the Court ruled upon the merits of the pending motion, ultimately dismissing several of her claims. Accordingly, the Court shall not allow Plaintiff to amend her complaint to re-include any such previously dismissed claims. However, the Court **GRANTS** Plaintiff's request to file a second amended complaint (Docket No. 56) as to non-dismissed claims pursuant to Rule 15(a)(2). Filing of the second amended

complaint is due on or before **MARCH 1, 2011**.

**IT IS SO ORDERED.**

    In San Juan, Puerto Rico this 23rd day of February, 2011.

                                        /S/ DANIEL R. DOMINGUEZ
                                        DANIEL R. DOMINGUEZ
                                        U.S. District Judge